ISON v. NELSON MIN. Co.

ISON et al. v. SAME.

(Circuit Court, D. Oregon. August 10, 1891.)

1. FILING—WHAT CONSTITUTES.
　　Marking a selection of lands made by the state under Act Cong. Sept. 4, 1841, filed, with the date thereof, and placing it on the files of the land-office, although not signed by the register, is *prima facie* a filing of the same; and, if the selection is thereafter approved, the title thereto is vested in the state from the date of such filing.

2. GRANTEES OF THE STATE.
　　The riparian rights of a grantee of the state in such case are not affected by the claim of an appropriator of water, made after such selection, though made before his grant.

3. PRIORITY OF APPROPRIATION.
　　On the testimony it is found that the plaintiffs, in addition to their riparian rights as purchasers from the state, are prior appropriators of the waters of Pine creek for agricultural and domestic purposes on their lands, to the defendant or those under whom it claims.

(Syllabus by the Court.)

At Law.

Zera Snow, L. B. Cox, and M. L. Olmstead, for plaintiffs.

Frank V. Drake and Charles F. Hyde, for defendant.

Before SAWYER, Circuit Judge, and DEADY, District Judge.

DEADY, J. These suits were commenced in the circuit court for Baker county, and removed here by the defendant, a corporation formed under the law of California. The causes were then heard together. Since they were submitted, the plaintiffs, Strother Ison and Luther B. Ison, have died, and the cases have been regularly revived in the names of their heirs.

The plaintiffs claim the right to the use of the waters of Pine creek for agricultural and domestic purposes as riparian owners and prior appropriators; and the defendants claim the same as the vendees of a ditch called the "Mill Ditch," of the Sturgill and Newton ditch, and the Auburn ditch, all of which it has concentrated in the Sturgill and Newton ditch, whereby it conveys all the water of the creek, except in times of freshets in the spring of the year, to its mining ground, some four miles to the northward. This suit was commenced in 1888, a very dry season, to enjoin the defendant from thus diverting the water from the crops of the plaintiffs, which were perishing for want of irrigation.

The title of the defendant to these ditches is seriously questioned, particularly that of the Auburn; but we will assume that it has acquired all the right to them that is possible under the circumstances.

The testimony is voluminous and contradictory, but the truth of the matter is not far to find. We will not discuss it in detail, but state the results of our examination, briefly.

And first we conclude that the land of Strother Ison, the same being the N. W. ¼ of section 28, in township 8 S., and range 39 E.; and the

land of O. P. Ison, the same being the S. ½ of the S. ½ of section 21 of the same township and range,—were state lands, selected by the state on May 11, 1866, under the pre-emption act of September 4, 1841. This was prior to the passage of the act of congress of July 26, 1866, (14 St. 253,) concerning water-rights on and over public lands. Therefore these Isons are first entitled to the waters of Pine creek as riparian owners, for agricultural and domestic purposes. This conclusion involves the finding that the file-mark—"May 11, 1866"—on the paper containing the selection of the state, was and is a file-mark placed on the same in the Oregon City land-office, although not signed by the register.

At this time there were only two land-offices in Oregon,—the one at Roseburg, the other at Oregon City,—the latter of which included in its jurisdiction all the lands in eastern Oregon. On July 3, 1866, (14 St. 82,) congress passed an act authorizing the president to establish an additional land-office in Oregon, in pursuance of which an office was established in eastern Oregon, at La Grand. We cannot find the proclamation by which this was done, but on December 10, 1867, the list of selections made by the state in 1866 was filed in that office, or, more properly speaking, was transferred there from the Oregon City office, where it was first filed, by Gov. Gibbs, the agent of the state. The list in question describes the lands selected as subject to sale at Oregon City, and contains the application of the governor, dated "May 5, 1866," for the lands on behalf of the state. The list is numbered "42," but, when transferred to the office at La Grand, it was numbered in red ink "5," in accordance with the order of its receipt in that office, I suppose. It is indorsed: "List No. 42 (5) of lands located by the state of Oregon under the act of Sept. 4th, 1841, Wallamett district, Oregon City. Triplicate filed May 11, 1866."

In *Shipley* v. *Cowen*, 91 U. S. 337, and *Patterson* v. *Tatum*, 3 Sawy. 164, it is held that the title in the state or pre-emptor of lands selected by either, when finally approved, relates back to the date of the selection, —the initiatory act of the party claiming the land.

The signature of the officer making the file-mark on the list of selections is not essential. The filing is the thing to be done,—placing the paper on the files of the office, and indorsing the fact thereon together with the date.

The paper is addressed to the Oregon City office. It manifestly came from there to the La Grand office after its establishment, marked "Filed, May 11, 1866," and presumably was filed there by the proper authorities. Nothing to the contrary appears in the case.

The act of July 26, 1866, maintains and protects persons who have acquired a vested right to the use of the water on the public lands for mining, agricultural, and manufacturing purposes by virtue of the local customs or laws. Any one who acquires the title to any portion of the public lands since the passage of this act takes the same subject to any such prior appropriation of water.

But the state took this land before the passage of this act, and neither it nor its grantees are charged with any such burden.

The riparian rights of Strother and O. P. Ison are unqualified. They are entitled to all the water that flows through Pine creek, if necessary for agricultural and domestic purposes, at least, in preference to any ditch, whether made before or after the land was selected by the state. *Mining Co.* v. *Ferris*, 2 Sawy. 179; *Vansickle* v. *Haines*, 7 Nev. 288.

And if it is conceded that the selection of these lands was not made by the state until the filing or transfer of the list from the Oregon City office to that of La Grand, December 10, 1867, the selection would still antedate the location of the Sturgill and Newton ditch, and no right of appropriation, as against the owners of these lands, could be acquired by it.

The lands of Luther B. Ison in section 21 of the township and range aforesaid, are, first, the homestead tract, consisting of the S. W. ¼ of the N. E. ¼, the S. E. ¼ of the N. W. ¼, the N. E. ¼ of the S. W. ¼, and the N. W. ¼ of the S. E. ¼, of said section, containing 160 acres, which he purchased of the United States, and obtained a patent therefor, on July 20, 1870; also the N. E. ¼ of the S. E. ¼ and the N. W. ¼ of the S. W. ¼ of the same section, which he purchased of the state, —the first on October 10, 1871, and the second on March 27, 1873,— the same having been selected by the state under the pre-emption act aforesaid, on June 26, 1868.

Both forks or prongs of Pine creek, a mountain stream which flows easterly from Pocohontas—a spur of the Blue mountains—pass through the lands of O. P. Ison, and the south fork or prong through those of Strother Ison, and the north fork or prong flows through the N. E. ¼ of the S. E. ¼ of said section. In 1864, and prior to the selection by the state, O. P. Ison settled upon his land, and in conjunction with one W. F. Payton, who was then an occupant of what is herein called the "homestead," with a view of acquiring the same under the homestead act, constructed a ditch from Pine creek, above the forks or prongs, and took the water therefrom to their lands for the purpose of irrigation and domestic use, which has been continued by O. P. Ison ever since. In 1867 Luther B. Ison bought out Payton, and subsequently purchased the homestead from the United States, as above stated, and has used water of Pine creek, in connection with O. P. Ison, for the irrigation of his lands in section 21, ever since.

The mill ditch was constructed about the same time, but only took water for mill purposes, and then it was returned into Strother Ison's ditch, or such water-courses as he used for the same.

The Sturgell and Newton or Shin and Chandler ditch was not constructed until July, 1868, and then only with a capacity of 100 to 150 inches. It was constructed for mining purposes, and was gradually enlarged, until in 1875 it would carry 300 inches; and since it came into the possession of the defendant or its immediate grantor, Blaisdell, in the fall of 1887, it has been enlarged so as to carry about 1,500 inches.

The Auburn ditch was constructed across the face of the mountain from the once mining town of Auburn, 3¾ miles south of Pine creek, to said creek, by the fall of 1864. It intercepted the water of a number of

small streams flowing down the face of the mountain between Auburn and Pine creek. It probably took out of the creek as much as 300 inches of water. Between 1866 and 1868 the Pine creek end was filled up and destroyed by a land slide, and the ditch was not used again to take water out of the creek until 1877.

This was a clear case of abandonment within the Oregon statute, which substantially provides that, when a ditch is abandoned, and thereafter for one year the claimant shall cease to exercise acts of ownership over the same, he shall be deemed to have lost all claim thereto. Comp. 1887, p. 1639, § 3833; Act Oct. 29, 1870, § 1.

Pine creek was not in a mining district, and the farmers at the base of the mountain down which it flowed were accustomed to take water out of the same for agricultural and domestic purposes, by cutting ditches therefor, without filing any notice thereof with the county clerk, for record or otherwise.

On the whole, I conclude that Strother Ison is entitled to take by his ditch, as an appropriator, the first 300 inches of the waters that flow through Pine creek, for the irrigation of the N. W. ¼ of section 28 aforesaid, and that, as owner of said quarter section, he is absolutely entitled to the use of the waters of said creek thereon as a riparian proprietor, in preference to any appropriation thereof; and that Luther B. Ison and O. P. Ison are entitled to take by their ditch, as appropriators, the next 600 inches of said waters for the irrigation of their lands aforesaid; and said O. P. Ison is absolutely entitled to the use of the waters of said creek on the S. ½ of the S. ½ of section 21 aforesaid, as a riparian proprietor, in preference to any appropriation thereof; and Luther B. Ison is in like manner entitled to the use of the waters of said creek on the N. E. ¼ of the S. E. ¼ of said section. The defendant is enjoined as prayed for in the bill.